## Krafchik et ux. v. Tornetta et al.

*Milton Jacobson*, for plaintiffs.

*Albert Benjamin Scirica*, for defendants.

KNIGHT, P. J., July 21, 1950.—This case arises from the following facts as averred in the amended complaint:

Joseph Tornetta and William Winterbottom, and their respective wives, were the owners of lots 36 and

37, block C, Elmwood Terrace, in the Borough of Norristown.

Sometime prior to July 19, 1944, plaintiff, Joseph F. Krafchik, entered into negotiations with defendant, Joseph F. Tornetta, for the purchase of these lots.

Plaintiff, Joseph F. Krafchik, informed defendant, Tornetta, that before he purchased the lots, he wanted a survey made and stakes driven, showing the boundaries. Tornetta engaged a registered engineer, Will D. Hiltner, to make the survey and set the stakes. Hiltner, by his employes, did do the work.

On or about July 19, 1944, Krafchik and Tornetta visited the site, and Tornetta pointed out the stakes, and told Krafchik that they marked the boundaries of lots 36 and 37. Tornetta and Krafchik then visited the registered engineer, and Mr. Hiltner told them that his, Hiltner's, employes had made the survey and placed the stakes, and that the stakes marked the boundary lines of lots 36 and 37.

Krafchik then told Tornetta and Hiltner that he was satisfied with the boundary lines as laid out on the ground, and that he would enter into an agreement of sale to purchase the lots.

Krafchik did, on July 19, 1944, enter into an agreement with Tornetta to purchase the lots for $650, and subsequently settled for the same, and obtained a deed.

Krafchik entered upon the land enclosed by the boundary stakes, set by Hiltner, and made improvements thereto, clearing off the trees and brush, filling a gully, building a retaining wall, and grading.

There was expended by Krafchik, in making the above improvements, the sum of $2,672.

After making the improvements, Krafchik learned that the stakes were not correct, and that instead of marking the boundaries of lots 36 and 37, they included portions of lots 33, 34, 35 and 36.

Alleging that they were damaged through the negligence of Hiltner, Krafchik and his wife brought this action in trespass against all of the above-captioned defendants, to recover the sum of $2,672, with interest.

To the complaint defendant, Will D. Hiltner, filed preliminary objections. These objections were argued before the court en banc, and were sustained. Judgment was directed to be entered for defendant, Will D. Hiltner. This judgment has been appealed to the Supreme Court.

A suggestion of the death of William I. Winterbottom, one of defendants, was filed, and an answer and amended answer on the merits were filed by Agnes A. Winterbottom, individually, and as administrator of the estate of William I. Winterbottom.

On November 22, 1949, counsel for Joseph F. Tornetta and Mary Tornetta filed preliminary objections to the complaint. These objections came before the court en banc, and were argued, but by an oversight, they have not been disposed of and are now before us for decision.

The preliminary objections are as follows:

A. Demurrer.

1. The complaint is legally insufficient because: (1) If plaintiffs have any action at all against defendants it is an action of assumpsit for breach of contract, but this alleged action against defendants is in trespass for negligence, therefore it is a misjoinder of cause of action, or a misjoinder of defendants or both.

B. Motion to strike off.

1. Plaintiffs' complaint should be stricken off because: (1) If plaintiffs have any action at all against defendants it is an action of assumpsit for breach of contract, but this alleged action against defendants is in trespass for negligence, therefore it is a misjoinder of cause of action or a misjoinder of defendants or both.

These two objections may be discussed together for they both involve the same question.

A copy of the agreement of sale is attached to the amended complaint. It is a simple agreement for the purchase and sale of lots 36 and 37, described only by number. Nothing is said about a survey. The contract was closed by the delivery of a deed and the payment of the balance of the purchase price.

As we see it, there has been no breach or violation of the written agreement of sale. The purchasers got exactly what they bargained for: A deed conveying to them title to lots 36 and 37. The alleged negligence of Hiltner had nothing to do with the title to these lots, the purchase money paid, or the quantity of land involved.

In our opinion, the liability, if any, of Tornetta.and his wife does not flow from the written agreement of sale but from a separate and independent source, namely, the alleged negligence of their agent, Mr. Hiltner, and for this cause of action a suit in trespass would lie. We are therefore of the opinion that there is no merit in the reasons assigned in support of the objections.

In their brief, counsel for the Tornettas advance a new objection to the complaint, namely, that Hiltner was an independent contractor for whose negligence defendants were not responsible.

It is indeed questionable whether we should consider this objection at this time. The Pennsylvania Rules of Civil Procedure require that all objections to a complaint must be made at one and the same time. This court has held that a defendant must raise every possible preliminary objection at one time, and that preliminary objections made at a different and later time cannot be considered: Bradbury v. Larsen, 70 D. & C. 592; 66 Montg. 143 (1950), Forrest, J.

We could, and perhaps should, ignore the objection raised only in the brief of defendants, Tornetta and his wife; however, since we will have to meet the question sometime, we will give our present thought upon it.

We think the Tornettas were liable for the negligence of Hiltner for at least two reasons. Before plaintiffs would purchase the lots they demanded that a survey be made and stakes set. This was done by Hiltner; Tornetta then showed the stakes to plaintiff husband, but plaintiff would not buy until he and Tornetta had visited Hiltner, and plaintiff husband was assured by Hiltner that the stakes had been properly set and marked the boundaries of lots 36 and 37. Upon this inducement and representation plaintiffs purchased the lots. In showing him the stakes set by Hiltner, defendant Tornetta, by implication at least, if not expressly, represented that the stakes shown marked the boundaries of the lots; in other words, he accepted Hiltner's work as his own and represented to plaintiff husband that it was correct. When the two visited Hiltner and were assured by him that the stakes were correctly set, again defendant adopted Hiltner's statement as if he had made it himself, and through that statement effected the sale of the lots.

We are of the opinion that under these circumstances defendant Tornetta might be liable for the mistake of Hiltner, whether Hiltner was an agent or independent contractor. In order to effect a sale, Tornetta required a survey; he employed Hiltner to make the survey for him. To that extent Hiltner was his agent, and if the agent furnished an incorrect survey, which Tornetta impliedly represented to plaintiff husband as correct, and thereby made a sale of the lots, it seems that defendant Tornetta should be liable for the negligence of his agent, Hiltner, in making the survey.

The point is a close one, and no case has been called to our attention wherein the facts were on all fours with these. It is only in clear cases that we may give judgment on the pleadings. We rest our decision, however, on the ground that defendant Tornetta cannot at this time file an additional preliminary objection, particularly so informally as including it in the brief filed in support of the original preliminary objections.

And now, July 21, 1950, defendants' preliminary objections are overruled and dismissed, and defendants Tornetta and his wife are allowed 15 days in which to file an answer on the merits.